Martin, J.
This is an action of nullity in which the reversal of a judgment of the City Court is sought; and the defendant is appellant from the judgment against him. His counsel relies on an error apparent on the face of the record, to wit, the absence of the service of any citation on him. No such service appears ; but the record shows, that the service of the citation was on the attorney of the defendant in the suit in which the judgment sought to be annulled was rendered ; and it has been urged, that in the action of nullity the defendant-must be cited to appear as in 'ordinary suits. Code of Pract. art. 610. Now, in ordinary suits, the service of the citation cannot be made on the defendant’s attorney, but must be on the defendant himself.
The plaintiff’s counsel has sought to take this case out of the general rule, by showing that the defendant is the Sheriff of the parish, and that the Coroner’s office being vacant, there was no officer by whom the citation could have been legally served ; and we have been referred to the Louisiana Digest, art. 635,* where we find, that when notice is to be given in the City Court of a final judgment or other proceeding therein, to a party who does not reside within its jurisdiction, and has no attorney in fact, or at law, on record, proceedings will continue, as if notice had been given. When the office of Coroner is vacant, the party who intends to institute a suit against the Sheriff must provoke the appointment of a Coroner, who alone has authority to serve process on the Sheriff. It is said, that no one is willing to accept the office of Coroner in the parish of St. Bernard. This is a gratuitous assertion, and quod gratis probat ur, gratis negatur. Admitting that it is not very easy to present to the Governor a citizen willing permanently to exercise the functions of Coroner in that parish, it cannot be very difficult to find some one willing to accept the office for the purpose of executing a process, with the intention of resigning the office immediately after. The article from the Louisiana Digest cannot be extended to the citation of *117 a defendant to be brought into court; and the defendant’s counsel has correctly urged that, the citation being the essential ground of all civil actions in ordinary proceedings, any radical irregularity in that formality must vitiate all ulterior proceedings.
It is, therefore, ordered, that the judgment be annulled and reversed ; and that the plaintiff’s action of nullity for the reversal of the judgment of the City Court, be dismissed, with costs in both courts.

Sect. 14, act 16 March, 1826. Bullard & Curry’s Digest, verbo, Courts, No. 38.